PER CURIAM.
This is an appeal by the plaintiff-appellant from a jury verdict in favor of the defendant-appellee in an action brought by the widow of Kenneth Williams, a mechanic who was killed by a grease valve exploding from a tractor he was repairing.
At the time of his death, the deceased was employed as a mechanic of the C. A. Meyer Construction Company and was engaged in removing a grease fitting from the machine’s hydraulic track adjustment cylinder on the left side of a Model D-8 Caterpillar tractor which had been owned by his employer for approximately three months.
The defendant-appellee, Caterpillar Tractor Company, manufactured the tractor in question, had sold the tractor to Joseph L. Rozier Machinery Company, a retail dealer, who in turn had sold the tractor to C. A. Meyer Construction Company, the deceased’s employer.
Two appeals have heretofore been before this court: one by the present appellant against the retailer, Williams v. Joseph L. Rozier Mach. Co., Fla.App. 1961, 135 So.2d 763, which involved a summary judgment entered for the retail dealer, Joseph L. Rozier Machinery Company, wherein this court, in an opinion by Judge White, sustained the circuit court judge, Honorable Frank A. Smith; and in the other case, Williams v. Caterpillar Tractor Company, Fla.App.1963, 149 So.2d 898, we reversed a summary judgment in favor of the defendant. In this opinion we went extensively into the background of the case with a discussion of the facts as set forth in the affidavits, interrogatories, etc., and held that there was a factual question for a jury to determine. On the remand of this last case for a jury trial, the jury brought a verdict in favor of the defendant.
We have studied the briefs of the parties, the voluminous appendix and records before the court, together with the exhibits, and have come to the conclusion that no reversible error was committed by the same circuit judge who has lived with this and companion cases for some time. We do not see any purpose to be served by again writing an opinion, although there are some changes in the testimony and witnesses from that which was set forth in the previous decisions of this court.
Affirmed.
SMITH, C. J., and ALLEN and ANDREWS, JJ., concur.